Dear Representative Bruneau:
I am in receipt of your letter requesting an opinion regarding the membership of the parish board of election supervisors. I understand the facts to be as follows:
R.S. 18:423(C)(1) provides for the membership of the parish board of election supervisors as follows: the registrar of voters, the clerk of court, the chairman of the parish executive committee of each recognized political party or his designee who shall be a member of the parish executive committee of the same recognized political party, and one member appointed by the governor. In St. Tammany parish, the chairman of the St. Tammany Parish Republican Executive Committee is a member of the parish board. Due to a death in her family, the chairman appointed a member of the executive committee to attend a meeting of the parish board of election supervisors. At the meeting, the designee was not allowed to participate, because it was the opinion of the Registrar and the Commissioner of Elections that R.S. 18:423(C)(1) provides for a one time appointment. In other words, when someone becomes the chairman of the parish committee, he decides whether he wants to serve on the board or whether he wants to designate someone else on the executive committee to serve.
Specifically, your question is whether or not R.S. 18:423(C)(1) provides for a one time appointment? Article 10 of the Louisiana Civil Code states, "when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." R.S. 18:423(C)(1) clearly states that the board of election supervisors shall be composed of the chairman of the parish executive committee of each recognized political party or his designee. Paragraph (H) of Section 423 later states that the clerk and registrar may appoint a designee to serve in their absence from meetings.
The purpose of the law is interpreted as providing for designees in the absence of the chairman, clerk, or registrar in order that business may be conducted in their absence. It is customary in this state for officials to be represented by designees due to the numerous boards and commissions that such officials serve on as members. Therefore, it is the opinion of this office that the appointment of a designee for the chairman of the parish executive committee is not a one time appointment. The chairman shall serve on the board of election supervisors and shall be able to appoint a designee in his absence from meetings. If I can be of further assistance, please advise.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General